KEITH DOUGLAS,

                Petitioner,

v.                                          9:19-CV-0952
                                          (LEK/TWD)

TIMOTHY McCARTHY,

                Respondent.

APPEARANCES:                                       OF COUNSEL:

KEITH DOUGLAS
Petitioner pro se
15-A-0253
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

HON. LETITIA JAMES                          MARGARET A. CIEPRISZ, ESQ.
Attorneys for Respondent                   Ass't Attorney General
New York State Attorney General
120 Broadway
New York, NY 10271

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION and ORDER

### I. INTRODUCTION

Petitioner Keith Douglas filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as the statutory filing fee. Dkt. No. 1, Petition ("Pet."); Dkt. Entry for Pet. (identifying receipt information).[1]

---

[1] Petitioner subsequently filed an application to proceed in forma pauperis ("IFP"), which was denied as moot and being improperly certified. Dkt. No. 2, IFP Application; Dkt. No. 3, Decision and Order dated 08/07/19 ("August Order"), at 1-2, 3.

On August 7, 2019, this Court ordered respondent to answer the petition within ninety days. Dkt. No. 3, Decision and Order dated 08/07/19 ("August Order"). On September 5, 2019, the Court received a letter from petitioner requesting a form so that he could amend his petition. Dkt. No. 5. The Court instructed petitioner how to file a motion to amend and what must be included within such a motion. Dkt. No. 6, Decision and Order dated 09/09/19 ("September Order").

On October 9, 2019, the Court received the instant motion to amend, as well as a motion to stay the present petition. Dkt. No. 7. Respondent opposed both motions. Dkt. No. 18. For the reasons outlined below, petitioner's motions to amend and stay the present proceedings are denied.

## II. PENDING HABEAS PETITION

Petitioner currently challenges a 2015 judgment of conviction in Albany County, upon a jury verdict, of three counts of third degree criminal possession of a controlled substance, fourth degree criminal possession of a controlled substance, two counts of second degree criminally using drug paraphernalia, two counts of third degree criminal sale of a controlled substance, and fifth degree criminal possession of marihuana.[2] Pet. at 1-2; *see also People v. Douglas*, 162 A.D.3d 1212, 1213 (3rd Dep't 2018).[3] The New York State Supreme Court, Appellate Division, Third Department, affirmed the conviction and, on July 31, 2018, the New

---

[2] In the petition, petitioner indicates that his sentencing occurred in 2019. Pet. at 1. However, the decision which petitioner also cites in his petition is consistent with the Third Department decision petitioner attached to his petition, Pet. at 16-19, which describes the direct appeal of an individual with petitioner's same name and underlying crimes of conviction, *id.*. Accordingly, it appears petitioner made an inadvertent mistake when indicating the date of his sentencing, and the actual date of petitioner's sentencing was 2015, consistent with the attached appellate court decision, and not 2019.

[3] Citations to the petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

York State Court of Appeals denied leave to appeal. *Douglas*, 162 A.D.3d at 1217, *lv. denied,* 31 N.Y.3d 1147 (2018); *see also* Pet. at 2-3.[4]

Petitioner also contends that he filed a motion to reargue pursuant to New York Criminal Procedure Law § 470.50. Pet. at 3. Petitioner did not receive a hearing and the motion was subsequently denied. *Id.*

Petitioner argues that he is entitled to federal habeas relief because (1) petitioner's counsel was ineffective due to a conflict of interest the attorney had during petitioner's pre-trial proceedings (Pet. at 5-6, 10-11); (2) there were various defects with the search warrant executed against petitioner, including the fact that no probable cause supported it (*id.* at 7-8); and (3) petitioner's Fourth Amendment rights were violated when law enforcement exceeded the scope of the search warrant (*id.* at 8-9). For a more complete statement of petitioner's claims, reference is made to the petition.

## III.  PETITIONER'S 440 MOTIONS

Petitioner has filed two motions to vacate his conviction pursuant to New York Criminal Procedure Law § 440 ("440 motion"). The first 440 motion was filed "[f]ollowing [petitioner's] sentencing . . . [and t]he court denied the motion without a hearing." *Douglas*, 162 A.D.3d at 1213. The Third Department permitted petitioner to appeal the denial, during the course of petitioner's direct appeal, and the Third Department subsequently affirmed the county court decision because "the allegations raised therein were based upon information in the record and, thus, were reviewable on direct appeal[.]" *Id.* at 1217. Moreover, to the extent petitioner

---

[4] Petitioner indicates that he filed a petition for a writ of certiorari with the United States Supreme Court; however, there was no additional information provided in the petition nor could the Court find any through its research. Pet. at 3.

3

contended that he received ineffective assistance of counsel due to his attorney's conflict of interest in representing both petitioner and the confidential informant, the Third Department also found that the motion was properly denied. *Id.*

Petitioner's second 440 motion was filed in Albany County Court on or about August 20, 2019. Dkt. No. 7 at 3. In order to understand petitioner's arguments, a brief history of the events leading up to his indictments is helpful.

> A confidential informant [("CI")] . . . made two controlled purchases of crack cocaine from [petitioner] on separate dates in October 2013. Thereafter, police officers searched [petitioner's] apartment pursuant to a warrant. [Petitioner] was indicted in November 2013 on various charges arising out of the execution of the warrant.

*Douglas*, 162 A.D.3d at 1213. The trial court then held a *Mapp* hearing.[5] During the course of the hearing, the People presented evidence of petitioner's participation in the October 2013 drug sales to serve as proof of probable cause for the search warrant the police effectuated upon petitioner and his residence. Dkt. No. 7 at 24-25. The trial court denied petitioner's motion to suppress any evidence. *Douglas*, 162 A.D.3d at 1213.

In April of 2014, petitioner was subsequently indicted on several charges stemming from the October 2013 drug sales. *Douglas*, 162 A.D.3d at 1213. The trial court permitted consolidation of the indictments and petitioner proceeded to trial; following a jury trial, petitioner was convicted of the underlying crimes he presently challenges in the pending petition. *Id.*

In his second 440 motion, petitioner argued that the People's actions eliciting testimony about the October drug sales during the *Mapp* hearing constituted an improper

---

[5] A *Mapp* hearing is a hearing to determine whether suppression of evidence obtained pursuant to a search or seizure by police officers is constitutionally warranted. *See Mapp v. Ohio*, 367 U.S. 643 (1961).

4

attempt to amend the November indictment. Dkt. No. 7 at 26-27. On October 18, 2019, Albany County Court denied petitioner's second 440 motion. Dkt. No. 8 at 8-11. Specifically, the court held that

> [Petitioner] made a prior §440 motion which was denied by the [c]ourt on August 28, 2015. Criminal Procedure Law, §440.10(3)(c) provides for the summary denial of a §440 motion when, upon a previous motion pursuant to this section, [petitioner] was in a position to raise the ground or issue in the present motion but failed to do so. The [c]ourt finds that [petitioner's] failure to raise the issues presented in his current motion at the time he made his prior motion mandates dismissal.

*Id.* at 9. Moreover, the court held that even if it were to determine the motion on the merits, it would still be denied. *Id.* at 9-10. The court advised petitioner that he had thirty days from the filing of the decision to seek leave to appeal. *Id.* at 11. Petitioner moved for the present stay to have time to properly exhaust his 440 motion in state court. Dkt. No. 7 at 3.

## IV.     DISCUSSION

### A.     Motion To Amend

Petitioner's proposed amended petition includes five grounds which represent a mixture of old and new claims. Specifically, petitioner seeks to add three new grounds to his petition, maintain two grounds from his original petition, and apparently abandon the remaining two grounds from his original petition. *See* Dkt. No. 7 at 6-21. Petitioner seeks to add the following new claims: (1) during the *Mapp* hearing, "[t]he [trial c]ourt allowed the Prosecution to make a constructive amendment of the [petitioner's] indictment, to assist them in establishing probable cause for the warrant;" (*Id.* at 10); (2) the trial court lacked jurisdiction to render a decision after the *Mapp* hearing because petitioner was not yet indicted for the charges which served as the subject matter of the hearing (*id.* at 2, 12); and

5

(3) the search warrant was defective because it did not have the issuing judge's name on it (*id.* at 15). Further, petitioner repeats two claims from his original petition: (4) his trial counsel was constitutionally ineffective due to a conflict of interest (*id.* at 13) and (5) the police department exceeded the scope of the warrant when they arrested petitioner around the corner from his home (*id.* at 17).

Respondent opposes petitioner's motion. Dkt. No. 8. Specifically, respondent argues that none of the proposed new grounds raise a cognizable federal claim; accordingly, amending the petition would be futile and the motion should be denied. *Id.* at 3-5.

Motions to amend habeas petitions are governed by Rule 15 of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servcs.*, 235 F.3d 804, 815-16 (2d Cir. 2000).[6] A party may amend a petition where, as here, a responsive pleading has been filed only if the respondent consents in writing or by leave of the court. Fed. R. Civ. P. 15(a)(2). Under FED. R. CIV. P. 15, leave to amend should be freely given "when justice so requires." *Id.; see also Littlejohn*, 271 F.3d at 363. However, a court may deny a motion to amend where the proposed amendment would be futile. *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999). Similarly, a court "retain[s] the discretion to deny [a motion to amend] . . . to thwart

---

[6] Under Rule 15(a)(1)(A), a party may amend a petition once as a matter of course within "21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Here, more than 21 days passed between the time petitioner filed his original petition, filed August 5, 2019, and the date of the present motion, signed October 6, 2019. Therefore, petitioner may not amend his petition as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A). Rule 15(a)(1)(B) provides that if a pleading is one to which a responsive pleading is required, a party may amend within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15 (a)(1)(B). "Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings are not required." *Argraves v. United States*, No. 3:11-CV-1421, 2013 WL 1856527 at *2 (D. Conn. May 2, 2013); see Rule 5(a), Rules Governing Section 2254 Cases in the United States District Courts ("The respondent is not required to answer the petition unless a judge so orders.").

tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Littlejohn*, 271 F.3d at 363. For the following reasons, petitioner's motion to amend is denied because the new causes of action – proffered in his proposed amended petition and the subject of his 440 – are not cognizable habeas claims.

### 1. Constructive Amendment of Indictment During *Mapp* Hearing

Liberally construing the proposed amended petition, petitioner's first new claim essentially argues that both of petitioner's indictments should have been dismissed because of the testimony taken at the *Mapp* hearing. Specifically, petitioner alleges that his April 2014 indictment should have been precluded because the People unlawfully tested their facts and theories regarding these uncharged crimes during petitioner's suppression hearing for his November 2013 indictment. Such contentions are unavailing.

Petitioner was not tried for the drug sale crimes, or any crimes, during the course of the suppression hearing. However, the grand jury did go on to eventually indict petitioner for said drug sale crimes, and, after trial, a petit jury found petitioner guilty beyond a reasonable doubt. *Douglas*, 162 A.D.3d at 1213. Assertions that the drug sale testimony from the *Mapp* hearing somehow poisoned or prohibited the subsequent grand jury proceedings do not give rise to a basis for federal relief because it is well-settled that claims regarding state grand jury proceedings are not cognizable habeas claims. *Acevedo v. Superintendent*, No. 9:16-CV-0594 (LEK/DEP), 2018 WL 1326080, at *6 (N.D.N.Y. Feb. 16, 2018), *adopting report rec.*, 2018 1319017 (N.D.N.Y. Mar. 13, 2018); *see also Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) ("If federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are *a fortiori* foreclosed in a collateral attack brought in federal court.") (citing *United States v. Mechanik*,

475 U.S. 66, 70 (1986)); *Davis v. Mantello*, 42 F. App'x 488, 490 (2d Cir. 2002). Further, "[i]t is well-established that any claim of a defect in an indictment is cured by a jury's verdict of guilt beyond a reasonable doubt, based upon the premise that the conviction establishes probable cause to indict and also proof of guilt beyond a reasonable doubt." *Acevedo,* 2018 WL 1326080, at *6 (citing *Mechanik*, 475 U.S. at 69).

Petitioner also argues that his November indictment should have been discarded because of the People's unlawful attempt to amend it. Petitioner's claims here are factually inaccurate. Petitioner was separately indicted for the drug sales in April of 2014. *Douglas*, 162 A.D.3d at 1213. While the People successfully moved to consolidate the indictments so that they may be tried together, there was no amendment, actual or constructive, of the November indictment. *Id.* For the reasons outlined above, any potential claim that the April indictment was flawed is not cognizable. Further, to the extent petitioner claims the suppression hearing somehow caused an error in the November indictment, "the petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the [petitioner was] guilty as charged, but also that [he is] in fact guilty as charged beyond a reasonable doubt," accordingly, "the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from [a] violation." *Mechanik*, 475 U.S. at 70, 73. Therefore, allowing amendment to include petitioner's first new proposed claim would be futile because the claim is not cognizable.

### 2. **Trial Court Lacked Jurisdiction to Decide *Mapp* Hearing**

Petitioner's second amended claim asserts that the trial court did not have jurisdiction to decide the *Mapp* hearing because the content of that hearing included crimes for which petitioner had not yet been charged. Dkt. No. 7 at 2, 12. Petitioner cites the New York

Criminal Procedure Law to support his claims in his 440 motion. *Id.* at 32-33. First, this "claim fails because the argument that New York lacked jurisdiction over the offense – as opposed to the argument that the elements were not proved – is not cognizable on federal habeas review . . . [because] whether an indictment . . . is sufficient to confer jurisdiction on a trial court is an issue of state law[.]" *Sengupta v. Attorney General*, No. 16-CV-6967, 2019 WL 4308610, at *16 (S.D.N.Y. Sept. 11, 2019) (internal quotation marks and citations omitted).

Second, the crux of petitioner's argument is a disagreement with the trial court's decision to allow certain testimony during the suppression hearing and its ultimate ruling. However, petitioner "cannot, and does not contend that New York failed to provide a corrective procedure to redress his alleged fourth amendment claim," as he received a *Mapp* hearing. *McCormick v. Hunt*, 461 F. Supp. 2d 104, 108 (W.D.N.Y. 2006). As further discussed below, that is all that is required by the Supreme Court. *Id.* at 107-108 (discussing *Stone v. Powell*, 428 U.S. 465 (1976), and its application to habeas petitioner's claims of Fourth Amendment violations). "Rather, [petitioner] . . . is complaining that the state courts erroneously decided his motion to suppress. Dissatisfaction or disagreement with the outcome of a motion is not sufficient to establish that an unconscionable breakdown occurred in the existing process in violation of [petitioner's] constitutional rights." *Id.* at 108 (internal quotation marks and citations omitted). In fact, both the Supreme Court and Second Circuit have expressly discouraged habeas courts from examining such outcomes. *Id.* (citing *Capellan v. Riley*, 975 F.2d 67, 71 (2d Cir. 1992) (explaining that if federal courts "read *Powell* as requiring [them] to focus on the correctness of the *outcome* resulting from the application of adequate state court corrective procedures, rather than on the existence and

9

application of the *corrective procedures* themselves, we would be assuming . . . that state courts were not responsible forums . . . to bring constitutional claims[.]")). Accordingly, allowing amendment to include petitioner's second new proposed claim would also be futile because the claim is not cognizable.

### 3. Defective Search Warrant

Finally, petitioner's third new claim in his proposed amended petition is that the search warrant was defective because it lacked the signing magistrate's name. Dkt. No. 7 at 15. First, petitioner bases his claim on state law, specifically a failure to comply with New York's Civil Practice Law and Rules. *Douglas*, 162 A.D.3d at 1214. Such contentions are not redressable through habeas petitions. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (internal quotation marks and citations omitted).

Second, "[t]he merits of a state court's determination . . . support[ing] the issuance of a search warrant may not be challenged on habeas review, provided that state courts afforded an opportunity for full and fair litigation of a claim under the Fourth Amendment." *Martinez v. Miller*, No. 9:04-CV-0090 (GTS/DEP), 2009 WL 1272069, at *16 (N.D.N.Y. May 5, 2009) (citing cases); *Stone v. Powell*, 428 U.S. 465, 482 (1976) (holding "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief[.]"); *accord Graham v. Costello*, 299 F.3d 129, 133-134 (2d Cir. 2002).

The only requirement under *Stone* is that the state provide a petitioner the "opportunity" to litigate a Fourth Amendment claim. *McPhail v. Warden*, *Attica Corr. Facility*, 707 F.2d 67, 69-70 (2d Cir. 1983). Therefore, habeas review is only available: "(a) if the

state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan*, 975 F.2d at 70 (citing *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977)); *accord Hirsh v. McArdle*, 74 F. Supp. 3d 525, 532-533 (N.D.N.Y. 2015).

The Second Circuit has recognized that New York provides adequate procedures to redress Fourth Amendment violations. *Capellan*, 975 F.2d at 70 & n.1 (citing a motion to suppress evidence, pursuant to CPL § 710.10 *et seq*., as a "facially adequate" and "approved" procedure for adjudicating alleged Fourth Amendment violations); *see also, e.g, Blake v. Martuscello*, No. 10-CV-2570, 2013 WL 3456958, at *5 (E.D.N.Y. July 8, 2013) (citing CPL § 710.10 and finding that the Second Circuit has explicitly approved New York's procedure for litigating Fourth Amendment claims).

> [O]nce it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief.

*Graham*, 299 F.3d at 134.

Here, petitioner availed himself of New York's procedure for challenging search warrants and the admissibility of evidence seized therefrom by requesting a *Mapp* hearing. Petitioner's proposed amended petition does not contend that there was any impediment to requesting or receiving said hearing. Accordingly, any such claim would be barred by *Stone*; thus, allowing amendment to include this non cognizable claim would be futile.

**B.     Motion to Stay**

Petition seeks a motion to stay to allow him to successfully exhaust his 440 motion in

11

state court. Dkt. No. 7 at 3. Respondent argues that petitioner has not established the requisite good cause sufficient for granting the motion. Dkt. No. 8 at 5.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches. . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

Even assuming petitioner has surpassed the first hurdle and presented a "mixed" petition to the Court, petitioner's motion still fails. Regardless of the approach this Court adopts, petitioner has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277.

First, petitioner's new claims all involve things which occurred during his pre-trial suppression hearing. Petitioner has not, and cannot, show why the factual bases underlying

12

all of these claims were not known to petitioner at the conclusion of his trial and direct appeal; therefore, they are insufficient to support petitioner's present motion. *See Holguin v. Lee*, No. 1:13-CV-1492, 2013 WL 3344070, at *2 (S.D.N.Y. July 3, 2013) (denying stay where petitioner was aware of the underlying facts at the trial's conclusion).

Second, the petitioner has not ever alleged confusion, let alone reasonable confusion, regarding how exhaustion of his state claims worked. In fact, petitioner already filed a 440 motion collaterally attacking his criminal conviction prior to the present petition for habeas relief. *Douglas*, 162 A.D.3d at 1213, 1217. Such actions demonstrate that reasonable confusion cannot serve as the basis for good cause. *See Holguin*, 2013 WL 3344070, at *3 (holding petitioner was not reasonably confused on how to exhaust his claims where "he explicitly states in his motion that he is seeking a stay of his habeas petition so that he can exhaust his unexhausted claims in New York State Court."). Instead, petitioner provided no explanation to the Court for why he failed to exhaust his claims in the first place. *See Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) ("Petitioner has not attempted to explain why he failed to exhaust, at an earlier time, either the unexhausted claims originally raised in his habeas petition or the new claims he wishes to add to his petition."); *McCrae v. Artus*, No. 1:10-CV-2988, 2012 WL 3800840, at *9 (E.D.N.Y. Sept. 2, 2012) (denying motion to stay where, "[e]ven assuming petitioner's trial counsel was deficient and that his appellate counsel was deficient for failing to raise certain issues on appeal, neither explains why petitioner came to federal court before filing a § 440 collateral attack or *coram nobis* petition."). This failure is fatal to petitioner's motion.

Third, petitioner has not shown any objective factor that was responsible for his failure to previously exhaust. "District courts cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier." *Knight*, 2019 WL 569032, at *5 (internal quotation marks and citations omitted). To the extent petitioner's claims can be liberally construed to allege that his unfamiliarity with the legal system was a potential factor available to excuse his failure to exhaust, such claims would be meritless. Petitioner's pro se status and inexperience with the law have consistently been deemed insufficient factors to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011) ("The Court has found no cases supporting the proposition that a petitioner's ignorance of the law constitutes 'good cause' for the failure to exhaust."); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007) (explaining that "the mere failure of a petitioner to be aware of a particular area of the law," is insufficient to satisfy the good cause standard); *Stephanski v. Superintendent, Upstate Corr. Fac*., 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006) ("[A] petitioner's allegation that he is *pro se* and inexpert in the law does not provide sufficient 'cause' to excuse the failure to [properly exhaust .]"). Moreover, "[n]one of the[] ordinary badges of incarceration qualifies as good cause sufficient to merit a stay." *Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 129 (E.D.N.Y. 2017) (holding that pro se status, placement in a maximum security prison, typical challenges gaining access to the law library, and obligations to attend mandatory programming in lieu of spending time elsewhere, even in combination, were insufficient to establish good cause). Finally, this Court also agrees that federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal

14

quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017).

Because petitioner failed to demonstrate good cause, the Court need not consider whether petitioner's claims are plainly meritless. Accordingly, based on the foregoing, petitioner's motion to stay is denied.

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motions to amend and stay this action, Dkt. No. 7, are **DENIED**. Accordingly, the original petition, Dkt. No. 1, remains the operative pleading in this action; and it is further

**ORDERED** that the respondent shall file and serve an answer to the petition and provide the Court with the relevant records,[7] within ninety (90) days of the date of this Decision and Order; and it is further

**ORDERED** that petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of respondent's answer. If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the respondent in his answer and memorandum of law in opposition to the amended petition. The Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his amended petition. If petitioner fails to file a reply or a

---

[7] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Local Rule 72.4. Respondent shall mail copies of any cited decisions exclusively reported on computerized databases, *e.g.* Westlaw, Lexis, but he need not file copies of those decisions with the Court. N.D.N.Y. L.R. 7.1 (a)(1).

15

request for extension of time within thirty (30) days of the filing date of respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED** that upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367. The parties must accompany any document filed with the Court with a certificate setting forth the date on which they mailed a true and correct copy to all opposing parties or their counsel. The Court will strike any filing that does not include a proper certificate of service. Petitioner must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address. His failure to do so will result in the dismissal of this action.

All parties must comply with Rule 7.1 of the Court's Local Rules of Practice when filing motions, which are to be made returnable on any business day with proper allowance for notice as the Rules require. All motions will be decided on the papers with no appearances and without oral argument unless otherwise ordered.

**ORDERED** that the Clerk also serve a copy of this Decision and Order upon the petitioner in accordance with the Local Rules.

Dated: November 19, 2019

_Thérèse Wiley Dancks_
U.S. Magistrate Judge

16