UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEITH DOUGLAS,

                              Petitioner,

       -against-                                        9:19-CV-00952 (LEK/TWD)

TIMOTHY MCCARTHY,

                              Respondent.

_____

## MEMORANDUM-DECISION AND ORDER

## I.   INTRODUCTION

On August 5, 2019, Petitioner Keith Douglas filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Petitioner is currently serving a 28-year prison sentence at Sing Sing Correctional Facility following a 2015 jury conviction. Dkt. No. 1 at 1–2. Douglas seeks habeas relief on the grounds of (1) ineffective assistance of counsel in violation of the Sixth Amendment; (2) prosecutorial misconduct; and (3) Fourth Amendment violations relating to a search warrant. The Honorable Thérèse Wiley Dancks, United States Magistrate Judge, issued a Report-Recommendation on July 27, 2022, recommending that the Petition be denied and dismissed, and no certificate of appealability be issued. Dkt. No. 22 ("Report-Recommendation") at 3, 21. Petitioner has filed objections, Dkt. No. 25 ("Objections"), and Respondent has filed a response, Dkt. No. 26. For the reasons that follow, the Court approves and adopts Judge Dancks's Report-Recommendation in its entirety.

## II.   BACKGROUND

### A.  Factual Allegations

Petitioner's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 3–10.

**B. The Report-Recommendation**

Judge Dancks thoroughly reviewed Petitioner's habeas Petition and recommended that the Petition be denied and dismissed, and that no certificate of appealability be issued. R. & R. at 3–10. Judge Dancks reached this conclusion after finding that Petitioner's ineffective assistance of counsel, prosecutorial misconduct, and Fourth Amendment claims failed to qualify for habeas relief.

In reviewing Petitioner's ineffective assistance of counsel claim, Judge Dancks noted that Petitioner faced the very high standard of "double deference." Id. at 13. In the context of a habeas ineffective assistance of counsel claim, the "double deference" standard requires a reviewing court to be deferential to both the performance of counsel and the state court's review of counsel's performance. Id. at 13–14. To prevail on habeas review, therefore, a petitioner must show that his counsel's performance was constitutionally ineffective and that the state court's adjudication of counsel's performance was in-and-of-itself unreasonable. Id. Judge Dancks found that Petitioner presented little evidence to suggest that his counsel's performance was ineffective. Judge Dancks notes that the state Appellate Division determined that Petitioner's counsel developed a conflict of interest only after the first indictment was consolidated with the second indictment, and that counsel was subsequently replaced "later that same month."[1] Id. at 14. Petitioner was thus represented by a conflicted counsel for less than four weeks. Id. at 4. Judge Dancks states that Petitioner "makes no claim that he received ineffective assistance of counsel as a result of the conflict during this brief period," and that Petitioner's complaints regarding counsel's performance outside this period do "not amount to a lapse in representation due to a

---

[1] Petitioner's indictments were consolidated on May 6, 2014, and Petitioner's counsel was replaced on May 30, 2014. Id. at 4.

conflict of interest." Id. at 14–15. In concluding the ineffective assistance of counsel analysis, Judge Dancks found that the state court conducted a reasonable assessment of Petitioner's ineffective assistance of counsel claims. See id. at 14–16.

Judge Dancks then proceeded to Petitioner's prosecutorial misconduct claim. The Report-Recommendation notes that in order to sustain this claim, Petitioner was required to show that the prosecutor's alleged misconduct violated Petitioner's due process rights. Id. at 16. Judge Dancks found that Petitioner failed to meet this burden, as Petitioner did not allege that "the timing of the [prosecutor's] disclosure of the conflict [of interest] had any adverse impact on him whatsoever." Id. at 17.

Judge Dancks then turned to Petitioner's Fourth Amendment claims. Petitioner could only succeed on his Fourth Amendment claim if he could show that the state court failed to "provide[] an opportunity for full and fair litigation of a Fourth Amendment claim." Id. at 18 (quoting Stone v. Powell, 428 U.S. 465, 481 (1976)). Judge Dancks noted that the Second Circuit has "explicitly" held that New York State has adopted fair procedures for litigating Fourth Amendment claims, and that Petitioner utilized those constitutionally sanctioned procedures to pursue his claims. Id. at 18–19. Judge Dancks thus found that Petitioner had a "full and fair opportunity" to pursue his claims in state court. Id.

Finally, Judge Dancks concluded that a certificate of appealability should not be issued as Petitioner failed to make "a substantial showing of the denial of a constitutional right." Id. at 20–21 (quoting 28 U.S.C. § 2553(c)(2)).

III.   STANDARD OF REVIEW

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v.

Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636;

Fed. R. Civ. P. 72. Review of decisions rendered by Magistrate Judges are also governed by the

Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). When written objections are filed and the district court conducts a de

novo review, that "*de novo* determination does not require the Court to conduct a new hearing;

rather, it mandates that the Court give fresh consideration to those issues to which specific

objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original); see

also 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3070.2 (3rd ed.) (2022) ("[T]he judge to

whom the objection is made must review the record and magistrate's recommendations, and

must make a de novo determination of the facts and legal conclusions, receiving additional

evidence and rehearing witnesses at his or her discretion. The district judge must not be a rubber

stamp." (footnote omitted)).

"The district court may adopt those portions of a report and recommendation to which no

timely objections have been made, provided no clear error is apparent from the face of the

record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party

makes only conclusory or general objections, or simply reiterates the original arguments, the

Court will review the [report and recommendation] strictly for clear error." New York City Dist.

Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting

Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should

be construed 'to raise the strongest arguments that they suggest.'" DiPilato, 662 F. Supp. 2d at

340 (emphasis in original) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at

*2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and

Recommendation must be specific and clearly aimed at particular findings in the magistrate's

proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior

argument." DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Pinkney v.

Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21,

2008)).

IV.     **DISCUSSION**

    **A.  Petitioner's Objections**

After the Report-Recommendation was issued on July 27, 2022, see R. & R., Petitioner

filed his Objections to the Report-Recommendation on September 9, 2022. Obj. at 1. Petitioner

indicates that he objects to Judge Dancks's recommendations for several reasons. First, Petitioner

objects to Judge Dancks's finding that Petitioner failed to establish adequate grounds for relief

on his ineffective assistance of counsel claim. Id. Petitioner's objection focuses on both elements

of the "double deference" standard, arguing that his counsel was in fact constitutionally

ineffective and that the state court failed to adequately adjudicate counsel's performance.

Regarding the ineffective performance of counsel element, Petitioner argues that his counsel

made a number of strategic mistakes that that can only be explained by counsel's conflict of

interest. Id. at 2–4. Petitioner states that counsel's mistakes were most apparent during the

February 4, 2014, suppression hearing and the arraignment following the second indictment. Id.

Turning to the state court's adjudication of counsel's performance, Petitioner claims that "[t]he state court failed to weigh all the relevant evidence before making its factual findings." Id. at 4. Petitioner argues that "[t]he record is void" of any investigation by the state court into Petitioner's attorney's conflict of interest, id. at 1, that the state court failed to ask counsel proper questions to determine whether counsel was conflicted, id. at 5, and that the trial court "made . . . facts up" while conducting its inquiry, id.

Petitioner's ineffective assistance of counsel objection is unavailing. Petitioner makes very few references to Judge Dancks's findings, and instead uses his objection to restate the same arguments he made in his Traverse. See Dkt. No. 18 ("Traverse"). Petitioner similarly argued in the Traverse that his counsel's performance was deficient due to a conflict of interest, and that the state court was simply "making up the facts" rather than conducting an adequate inquiry into counsel's performance. Id. at 1–9. This objection thus breaks no new ground from the original habeas petition, and is "simply relitigating a prior argument." DiPilato, 662 F. Supp. 2d at 340. When a petitioner fails to make specific objections to a Magistrate Judge's findings and instead simply uses his objection to relitigate prior arguments, this Court must review the Magistrate's findings for clear error. See id. Here, the Court finds no clear error with regards to the ineffective assistance of counsel claim.

Petitioner's second objection concerns Judge Dancks's findings on Petitioner's Fourth Amendment claim. Petitioner argues that the state court did not adequately assess his Fourth Amendment claim, because the state court relied on faulty reasoning. Obj. at 6. Specifically, Petitioner takes issue with the state court's reliance on a confidential witness in coming to its determination that probable cause existed to issue a search warrant. Id. Yet Petitioner produced a virtually identical argument in his Traverse. There, Petitioner similarly argued the state court

engaged faulty decision making due to errors with a confidential witness. Traverse at 12. Because Petitioner thus simply reiterates his prior argument, the Court reviews this portion of the Report-Recommendation for clear error and finds none.

**B. Prosecutorial Misconduct Claim**

Petitioner does not appear to object to Judge Dancks's findings regarding his prosecutorial misconduct claim. Absent any objection, the Court reviews this portion of the Report-Recommendation for clear error and finds none.

**C. Certificate of Appealability**

Petitioner does not appear to object to Judge Dancks's certificate of appealability findings. Absent any objection, the Court reviews this portion of the Report-Recommendation for clear error and finds none.

**V. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 22) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Petition (Dkt. No. 1) is **DENIED and DISMISSED**; and it is further

**ORDERED**, that no certificate of appealability be issued. See 28 U.S.C. § 2253(c)(1); and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      June 26, 2023
            Albany, New York

LAWRENCE E. KAHN
United States District Judge