UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEITH DOUGLAS,

                        Petitioner,

-against-                                      9:19-CV-00952 (LEK/TWD)

TIMOTHY MCCARTHY,

                        Respondent.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Petitioner Keith Douglas unsuccessfully sought federal habeas corpus relief pursuant to 28 U.S.C. § 2254. See Dkt. No. 28 ("June MDO"). Subsequently, Petitioner filed a notice of appeal with the U.S. Court of Appeals for the Second Circuit. Dkt. No. 30.

Petitioner now has two motions before the Court. The first is a motion for a certificate of appealability, Dkt. No. 31 ("COA Motion"), and the second is an application for leave to proceed without full prepayment of fees, Dkt. No. 32 ("IFP Application"). For the following reasons, both are denied.

**II.    CERTIFICATE OF APPEALABILITY**

As the Court instructed in its June MDO, the Court will not issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as 28 U.S.C. 2253(c)(2) requires. See June MDO at 7. Accordingly, the COA Motion is denied.

Moreover, Petitioner's case was already electronically transmitted to the Second Circuit. See Dkt. No. 33. Therefore, all future submissions related to this action, including any further

request for a certificate of appealability, must be addressed to the Second Circuit. See Fed. R. App. P. 22(b).

### III. IFP APPLICATION

Under Rule 24 of the Federal Rules of Appellate Procedure, a party to a district court action who seeks IFP status for purposes of an appeal must file a motion in the district court and must include an affidavit that

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms ["Form 4"] the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)–(C). Petitioner has filed his IFP Application and a version of Form 4. See IFP Application. Further, while he has included a certification from a Sullivan Correctional Facility Official, IFP Application at 3, Petitioner failed to include "a statement . . . showing all receipts, expenditures, and balances during the last six months in [his] institutional inmate accounts" as required by Form 4, see Pendell v. Shanley, No. 21-CV-0201, 2022 WL 1638761, at *2 n.1 (N.D.N.Y. May 24, 2022). Accordingly, Petitioner has not submitted the proper information required for this Court to determine his eligibility. Petitioner's IFP Application is therefore denied without prejudice.

If Petitioner wishes to pursue his appeal in forma pauperis, he must file a motion that complies with Fed. R. App. P. 24(a)(1) and the requirements set forth in Form 4 within forty-five (45) days of the filing date of this Memorandum-Decision and Order.

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED** that Petitioner's COA Motion (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED** that Petitioner's IFP Application (Dkt. No. 32) is **DENIED without prejudice** for nonconformance with Rule 24(a)(1) of the Federal Rules of Appellate Procedure and Form 4 of the Appendix of Forms; and it is further

**ORDERED** that, if Petitioner wishes to pursue his appeal in forma pauperis, he must file an amended motion to do so that complies with Rule 24(a)(1) of the Federal Rules of Appellate Procedure within **forty-five (45) days** of the filing date of this Decision and Order. The Clerk is directed to send petitioner blank copies of an IFP Application and Form 4 of the Appendix of Forms; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon Petitioner and the Second Circuit Court of Appeals in accordance with the Local Rules and Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

DATED:   August 4, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge